The count of the declaration on which trial was had is as follows:
 "Comes now the plaintiff, Anne E. Allen, and sues the defendant, Atlantic Coast Line Railroad Company, a corporation, for this, to-wit:
 "1. That at all times herein mentioned the defendant was engaged in the operation of, and was responsible for the proper operation and management of, a railway system in Duval County, Florida, then and there operated and managed by it.
 "That at the time of the death of Joseph G. Allen, as hereinafter alleged, he left neither widow nor child surviving him, but left surviving him the plaintiff, his mother, who was dependent upon said Joseph G. Allen, for support.
 "That on or about the 29th day of December, 1925, at the Union Depot or terminal, in the city of Jacksonville, Duval County, Florida, while said Joseph G. Allen was in a car or coach of defendant in the performance of his duties as a railway postal clerk, the defendant then and there carelessly and negligently failed and neglected to provide heat in the said car or coach, although it was in the winter time and cold and there was no other heat in said car or coach, by reason whereof said Joseph G. Allen then and there suffered exposure to the cold, contracted pneumonia and died, to-wit: on the 18th day of January, 1926.
 And plaintiff alleges that by reason of the premises she was then and there deprived of the support of her said son; to the damage of the plaintiff in the sum of Fifty Thousand Dollars ($50,000.00).
 "Wherefore, plaintiff brings this suit and claims Fifty Thousand ($50,000.00) damages of defendant." *Page 421 
Special pleas were eliminated on demurrer or motion and trial under the general issue resulted in a verdict awarding $7,500.00 damages which amount was reduced to $5,000.00 by remittitur; and to a judgment in favor of the plaintiff for the latter sum, a writ of error was taken.
The declaration alleges that on December 29, 1925, the defendant railroad company in the winter time when it was cold and there was no other heat in the car, carelessly and negligently failed and neglected to provide heat in the car in which the plaintiff's decedent was in the performance of his duties as a railway clerk, "by reason whereof" the said decedent "then and there suffered exposure to the cold, contracted pneumonia and died," January 18, 1926. Even if such allegations are legally sufficient to state a wrongful death proximately resulting from the negligence alleged, the evidence does not by reasonably certain inference, show that the single exposure to the cold as alleged in the declaration was in fact the proximate cause of the death of plaintiff's decedent.
Reversed for a new trial.
WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J. concur.
ELLIS, C. J., AND STRUM, J., concur in the opinion and judgment.
BROWN, J., dissents. *Page 422